**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO MEJIA TOVAR, | No. 12-73005 |
| Petitioner, | Agency No. A200-247-102 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Pedro Mejia Tovar, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir. 2000), and we review de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Mejia Tovar does not challenge the agency's dispositive finding that his application for asylum was untimely.

Substantial evidence supports the agency's finding that Mejia Tovar failed to establish past persecution based on the threats he received, the shooting incident, and the incident with the grenade. *See Lim*, 224 F.3d at 936; *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (petitioner failed to present evidence that compelled a finding of past persecution). Substantial evidence also supports the finding that Mejia Tovar failed to demonstrate a clear probability of future harm because there is no evidence that anyone is still looking for him. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (future fear was speculative). Accordingly, Mejia Tovar's withholding of removal claim fails.

In addition, substantial evidence supports the agency's denial of CAT relief because Mejia Tovar failed to establish that it is more likely than not he will be tortured by or with the acquiescence of the government of El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, Mejia Tovar claims he was denied due process because the agency failed to give him time to provide supplementary supporting documents and failed to consider the evidence he submitted. This claim fails because he has not shown how the documents he submitted or wanted to submit would have affected the outcome. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show prejudice to establish a due process violation).

**PETITION FOR REVIEW DENIED.**